## LEVIN COLLINS v. JANE POLK and JOSIAH F. POLK.

Court of Chancery.   Sussex.   March 10, 1818.

*Ridgely's Notebook II, 57.*

*Mr. Vandyke* filed the bill for complainant, and *Mr. Robinson* the answer.

*Mr. Wells.* Dr. John Polk died intestate, 1811. Jane administered. Levin Collins her surety in the administration bond in $5000. That Jane Polk filed inventory March 28, 1811. $8633.58, appraisement. That about September 28, 1812, complainant and Jane settled accounts between Dr. John Polk and complainant. Complainant indebted $238.50. Complainant gave a bill to said Jane to pay this balance, $238.50. It was understood that Jane should hold the bill until she settled the estate. And this debt until paid was considered by complainant as indemnity. Jane

soon after moved to Maryland. She has settled no administration and left no property in Sussex. About February, 1815, complainant saw Jane, and urged her to settle the estate, and a second time saw her and urged her to settle; then it was understood that this debt should remain in hands of complainant as indemnity. Jane transferred November 4, 1815, the said bill to Josiah F. Polk. This transfer intended to draw funds out of complainants hands contrary to truth. Judgment entered November 10, 1815, against Collins. *Fieri facias* November 22, 1815, against complainant.

Prayer. For a writ of injunction and for general relief.

*Mr. Robinson,* for defendants, reads the answer of defendants. Admits death of John Polk intestate. Jane, administratrix; complainant, surety in administration bond. She [made] no particular promise to complainant to do her duty. Jane filed the indemnity. April, 1811, Jane moved to Maryland with said goods which she had not wasted. September 28, 1812, after she had moved, more than seventeen months, Collins executed the bill for payment $238.50 payable on or before September 28, 1813. She denies that it was agreed she should hold bill until she settled the estate. He did not consider bill as any surety to him. She has passed no account, has paid many debts. Debts remaining due from John Polk not near equal to said Collins' bill. Bill assigned to Josiah F. Polk by Jane Polk, she being indebted to said Josiah F. Polk. February 22, 1815, Josiah F. Polk called on Collins for payment of the bill. Collins said it was not in his power to pay it, but that he soon would. He never objected because of his suretyship, nor because Jane had agreed to leave other money in his hands as security nor mentioned such a thing. November 4, 1815, Jane Polk assigned said bill to Josiah F. Polk. That on order to Jane to deliver over to Collins the estate of John Polk, nothing but the estate of John Polk could be delivered over and not Jane's own estate. Judgments entered November 10, 1815, on said bill. Josiah F. Polk agrees that what is due on this bill, shall be applied to the payment of a balance due from Jane to the heirs of John Polk.

No depositions had been taken in this case.

*Mr. Wells* argued the matter from the case made out by the bill and answer. He insisted that the assignee took the bill subject to all the equity to which it was subject in the hands of the obligee. That when Josiah F. Polk called on complainant for the payment of the bill he should have distinctly stated that Jane Polk was about to assign the bill to him. That he was only the agent of Jane in this transaction, and that by not discovering to

Collins the intended assignment, Collins was not bound to state any of his objections against paying the money. That Mrs. Polk ought to settle before the money is taken out of Collins' hands. . . .

THE CHANCELLOR observed that a case was made out by the bill and answer for the interposition of this Court so as to prevent the recovery of this money until some course was taken with the administration of John Polk's estate. That Josiah F. Polk, the assignee, does not say that he gave a valuable or any consideration for this bill. That all that is stated in the bill may be true, and yet Josiah F. Polk may be a mere volunteer. He says Mrs. Polk was indebted to him and assigned this bill, but there is no suggestion that the bill was assigned in satisfaction of such debt. Had J. F. Polk paid a valuable consideration after the conversation he had with Collins, the complainant could have had no pretense to oppose the recovery of this debt. As the case is, and especially under the offer made in the answer, THE CHANCELLOR thought that the money should be brought into court and applied in a due course of administration to payment of debts of the intestate, or to his heirs in the distribution of the estate.

And so decreed.